UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PARKER                                           CIVIL ACTION

VERSUS                                           NO: 10-2889

JAZZ CASINO COMPANY LLC                          SECTION: "J" (4)

### ORDER AND REASONS

Before the Court is Plaintiff Lori Lynn Parker's **Motion to Remand to State Court (Rec. Doc. 12)** and Defendant Jazz Casino Company LLC's **Response (Rec. Doc. 13)**. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Plaintiff's Motion to Remand should be **DENIED**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

On July 19, 2010, Plaintiff filed this lawsuit in the Civil District Court for the Parish of Orleans, Louisiana, alleging that she was constructively discharged from her position as Special Events and Promotions Manager of Harrah's New Orleans Casino on November 2, 2009, following an alleged pattern of gender, race, and age discrimination. Plaintiff claims that

1

stress related incidents resulted in neck, back, and hip pain, causing her to take a medical leave of absence in August 2009 and then to extend her leave, eventually seeking an indefinite extension of her leave, because she was physically and mentally unable to perform her job duties. According to Defendant, Plaintiff was terminated after exceeding (by three weeks) the 12 weeks of leave available to her under the Family and Medical Leave Act (FMLA). Plaintiff sued under the Louisiana Employment Discrimination Law, praying for, *inter alia*, damages for emotional injury, lost wages (past, present and future), back pay, pension, health and/or other employment related benefits, and attorney's fees. Plaintiff also sought to recover punitive damages.

Defendant removed Plaintiff's state court employment discrimination suit to federal court on September 1, 2010. Defendant alleged that federal jurisdiction existed because, pursuant to 28 U.S.C. § 1332(a)(1), this is a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Furthermore, Defendant's notice further alleged that this case is also removable under 28 U.S.C. § 1441 because, pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over

this case, in that Plaintiff's complaint necessarily states a claim arising under federal law.

Plaintiff filed the instant motion to remand.

**THE PARTIES ARGUMENTS:**

Plaintiff argues that the diversity jurisdiction requirements are not met for two reasons. First, Defendant, as a casino LLC, should be considered a Louisiana resident for jurisdictional purposes. Plaintiff argues that the Fifth Circuit erred in holding that an LLC's citizenship for removal jurisdiction purposes should be determined by the citizenship of its members. Instead, Plaintiff argues that Defendant resembles a corporation because of its liability limitations, formality, and filing requirements. According to Plaintiff, Defendant LLC is statutorily required to be made up of Louisiana residents. Additionally, it is organized under Louisiana law as a Louisiana LLC and maintains its principal place of business in New Orleans.

Second, Plaintiff avers that Defendant cannot meet its burden in showing that the jurisdictional amount in controversy is met in this case. Plaintiff points out she is seeking much less than her full $70,000 annual salary. Plaintiff recognizes that Defendant claims that damages such as loss of pension, loss of health and/or other employment related benefits, attorney's

fees and punitive damages, all demanded by Plaintiff, would exceeds the sum of $75,000. However, Plaintiff argues that Defendant failed to provide any facts or evidence that would prove the amount of these damages.

Finally, Plaintiff emphasizes that her petition did not assert a claim arising under federal law, contrary to Defendant's assertion. Defendant argues that punitive damages, which Plaintiff asked for in her complaint for intentional employment discrimination, are available only under Title VII of the Civil Rights Act of 1974. Hence, Defendant concludes that Plaintiff raised a federal cause of action. Plaintiff argues that her use of boilerplate language, "Any other damages which may be proven at trial, including punitive damages, if applicable," does not create federal jurisdiction. Plaintiff points out that this argument was previously rejected by the Fifth Circuit. Plaintiff argues that nowhere in her petition did she assert a federal claim or seek protection of Title VII of the Civil Rights Act of 1964; rather, Plaintiff's complaint focused is based solely on Louisiana Employment Discrimination Law.

In its Response, Defendant argues that the parties are diverse in that Plaintiff is a Louisiana citizen domiciled in St. Tammany Parish and Defendant is an LLC, whose sole member is

another LLC, whose sole member in turn is a corporation existing under the laws of the state of Delaware, with its principal place of business in Las Vegas, Nevada. Additionally, according to Defendant, Plaintiff's claims for emotional injury, lost wages (past, present and future), back pay, pension, health and/or other employment related benefits, attorney's fees, and punitive damages make it facially apparent that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff's annual salary alone was $70,000, thus evidencing the significant dollar amounts placed at issue by her claim implicating both back and front pay.

Furthermore, Defendant argues that Plaintiff's complaint necessarily states a federal cause of action because her claim for punitive damages is available only pursuant to 42 U.S.C. § 1981a for intentional discrimination claims made under federal law, and not under the Louisiana Employment Discrimination Law.

**DISCUSSION:**

In order for a federal court to have diversity jurisdiction over a claim, 28 U.S.C. § 1332 requires that the amount in controversy "exceed[ ] the sum or value of $75,000, exclusive of interest and costs" in the case of individual claims. In removal cases, the parties must show that the amount in controversy

exceeds $75,000 by a preponderance of the evidence. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir.1999). They may do so either (1) by demonstrating that it is "facially apparent" that the claims are likely to exceed the jurisdictional amount, or (2) by showing the facts in controversy that support a finding of the requisite amount. Id. (emphasis in original). The first method requires the court to consider only the face of the complaint. If the "facially apparent" test is not met, the court can require the parties to show "summary judgment-type evidence" regarding the amount in controversy. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).

The Court finds that Defendant met its burden in demonstrating it is "facially apparent" that the claims are likely to exceed the jurisdictional amount. There is no dispute that Plaintiff's annual salary was $70,000 and that she claims not only past, present and future lost wages and back pay, but also emotional injury, mental anguish, pension, health and/or other employment related benefits, attorney's fees, and punitive damages. Thus, the jurisdictional amount in controversy is satisfied.

Additionally, 28 U.S.C. § 1332 requires complete diversity, mandating that all persons on one side of the controversy be

citizens of different states than all persons on the other side. <u>McLaughlin v. Mississippi Power Co.</u>, 376 F.3d 344, 353 (5th Cir. 2004) (citing <u>Harrison v. Prather</u>, 404 F.2d 267, 272 (5th Cir.1968)). See <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). There is no dispute that Plaintiff is a Louisiana citizen domiciled in St. Tammany Parish. Moreover, Plaintiff does not dispute that Defendant is an LLC, whose sole member is another LLC, whose sole member in turn is a corporation existing under the laws of the state of Delaware, with its principal place of business in Las Vegas, Nevada. The Fifth Circuit recently concluded that

> Supreme Court precedent, case law from other circuits, and the statutory language of both Section 1332 and Louisiana Revised Statutes § 12:1301(a)(10) overwhelmingly support the position that a LLC should not be treated as a corporation for purposes of diversity jurisdiction. Rather, the citizenship of a LLC is determined by the citizenship of all of its members.

<u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1080 (5th Cir. 2008). Consequently, Defendant's citizenship is the same as its sole member's, making Defendant a citizen of Delaware and Nevada.

The diversity of citizenship requirement is satisfied because Plaintiff and Defendant are citizens of different states.

Because both prongs of section 1332-complete diversity and minimum amount in controversy-are met, jurisdiction of this Court is proper.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 12) be DENIED.**

New Orleans, Louisiana this 18th day of November, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE